

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
JOHN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Railroad Commission of Texas
Gas Utilities Division
Austin, Texas

Gentlemen:                                    Opinion No. 0-6724

                                    Re: Construction of certain
                                        provisions of S. B. 269,
                                        49th Legislature, 1945.

        We acknowledge receipt of your opinion request of July
17, 1945, reading as follows:

        "This is a request for an opinion from your De-
    partment concerning Senate Bill No. 269, which was
    enacted by the 49th Legislature and filed by the
    Governor without his signature, and which is to be-
    come effective on or about September 5, 1945.

        "(1)  Section 6 of the Act provides that 'In the
    manner provided in Section 4 of this Act * *' the
    Commission shall have full power and authority to
    promulgate rules and regulations to carry out the
    purposes of the Act.  Section 4 of the Act does not
    provide the manner in which such rules and regula-
    tions should be promulgated.  Please advise us your
    opinion as to what procedure should be followed in
    adopting or promulgating such rules and regulations.

        "(2)  Section 7 of the Act provides that 'No
    license shall be issued until a hearing is had there-
    on and the Commission has determined that the appli-
    cant has made good and sufficient proof that he can
    and will meet all safety requirements provided in
    this act and by the rules and regulations of the
    Railroad Commission, and the Commission finds that
    such applicant is qualified and the evidence ad-
    duced justifies issuance of such license.'  Section
    16 of the Act provides that 'No formal notice of
    hearing on an application for license need be given
    applicant, other than that he be given a reasonable
    opportunity to appear in support of his application
    before the Commission renders its order refusing him
    a license.'  Considering the above two provisions,

please advise us if it is necessary to hold a formal hearing upon the application of each applicant not licensed prior to May 1, 1945; and, if it is necessary to hold such a hearing, to whom is the Commission required to give notice.

"(3) Section 10 of the Act provides that 'For the purpose of defraying the expenses of administering this Act, each person, firm, corporation or association engaged in one or more of the pursuits named in subsection (1) of this section * *' shall pay to the Commission certain annual license fees. Section 10 does not have a subsection (1). Please advise us which persons, firms, corporations or associations we may legally collect the $25.00 annual license fee from and which operators we may legally collect the $50.00 annual license fee from.

"(4) Under the Act may we require persons, firm, or corporations that are engaged in the sale of appliances which burn liquefied petroleum gases to obtain a license when such persons do not install such appliances?

"(5) The second paragraph of Section 11 of the Act provides that: 'In addition to the bond herein required, such licensee shall be obligated to procure from some reliable insurance or surety company qualified to do business in the State of Texas, and keep same in force so long as they shall continue business, a policy of insurance or surety bond which shall guarantee the payment of all damages which proximately result from any act of negligence, while engaging in any of the activities as herein provided, on the part of said licensee, their agents and employees, to both the employees of said licensee and also to the public generally, said policy or bond to be in the sum of not less than Ten Thousand ($10,000.00) Dollars for personal injury for any one accident, and not less than Five Thousand ($5,000.00) Dollars for property damage for any one accident. Provided that this Section shall not be applicable unless and until such bonds or policies of insurance are available for purchase and further provided that such bonds or policies of insurance shall be approved by the Railroad Commission of Texas.' As the Act only provides that a licensee shall be obligated to procure such insurance or bond, is it the Commission's duty to require such a bond or insurance policy before granting a license?

"We will thank you to give us your opinion as soon as possible in order that we may prepare for the administration of this Act. Please send a copy of your opinion to the Gas Utilities Division of the Railroad Commission of Texas."

## Question No. 1

Section 1 of S. B. 269 reads as follows:

"Section 1. That Section 2a, Section 2b, and Section 3 of Article 6053 of the Revised Civil Statutes of Texas of 1925, as enacted in 1920 by the Third Called Session of the 36th Legislature, page 18, Chapter 14, and as amended by Acts, 1937, 45th Legislature, Act, 1939, 46th Legislature, be and the same are hereby amended and renumbered to read as follows:
"

The amendments of the Act in 1937 (Acts 45th Legislature, Regular Session, p. 737) and in 1939 (Acts 46th Legislature, Regular Session, p. 501) both provide, as does S. B. No. 269, for amendment of Article 6053 as revised in 1925. The device of codifying the 1937 and 1939 amendments as subdivisions under Article 6053a is purely the work of the Vernon Law Book Company and is unofficial. The amendments are of the original Article and Section 4, which was added by the 1939 amendment, is not affected by S. B. 269. The numbered Sections of S. B. 269 are in reality subsections of Sections 2a, 2b and 3 of Article 6053a as they now appear in Vernon's Annotated Civil Statutes, and they should be so arranged in the pocket parts. Section 4 of Article 6053a, Vernon's Annotated Civil Statutes, is the "Section 4 of this Act" referred to in Section 6 of S. B. No. 269, and you will follow the procedure outlined in that Section in adopting and promulgating rules and regulations.

## Question No. 2

Section 7 of S. B. 269, reads, in part, as follows:

". . . No such license shall be issued until a hearing is had thereon and the Commission has determined that the applicant has made good and sufficient proof that he can and will meet all safety requirements provided in this Act and by the rules and regulations of the Railroad Commission, and the Commission finds that such applicant is qualified and the evidence adduced justifies issuance of such license.

". . ."

Section 16 of S. B. 269 contains the following provision:

". . . No formal notice of hearing on an application for license need be given applicant, other than that he be given a reasonable opportunity to appear in support of his application before the Commission renders its order refusing him a license. Appeal shall be to the District Court of the residence of the applicant in all cases where an application for a license hereunder is denied, subject to the same limits and restrictions as in cases of appeals from revocations and suspensions._____"

The inquiry here is whether or not formal hearings are necessary on each application for a license under Section 7 and if so, to whom is the Commission required to give notice.

It is settled that the members of the Railroad Commission must act as a body at a formal meeting and not as individuals. The Supreme Court of Texas, in a recent case, said:

"It is a well established rule in this State, as well as in other States, that where the Legislature has committed a matter to a board, bureau, or commission, or other administrative agency, such board, bureau, or commission must act thereon as a body at a stated meeting, or one properly called, and of which all the members of such board have notice, or of which they are given an opportunity to attend. Consent or acquiescence of, or agreement by the individual members acting separately, and not as a body, or by a number of the members less than the whole acting collectively at an unscheduled meeting without notice or opportunity of the other members to attend, is not sufficient." Webster vs. Texas & Pacific Motor Transport Co., 166 S. W. (2d) 75, 76, 77.

As to the question of notice, Section 14 of S. B. 269 is applicable. It provides in part:

"Section 14. Notice of any hearing, and of the time and place thereof, shall be given by registered mail not less than ten (10) days exclusive of the day of mailing before such hearing, addressed to all parties whom the Commission may deem to be interested in the subject matter of such hearing. . . ."

The enforcement officers of the Railroad Commission should be notified, but there would seem to be no necessity for notifying every licensee under the Act. This is a matter, however, on which the Railroad Commission may exercise discretion and if its rule or regulation with reference to notice is reasonable, it will be upheld by the courts.

## Question No. 3

Section 10 of S. B. 269 reads as follows:

"Section 10. For the purpose of defraying the expenses of administering this Act, each person, firm corporation or association engaged in one or more of the pursuits named in subsection (1) of this section, except as otherwise provided in this subsection, shall at the time of issuance of such license, and annually thereafter, on or between September 1st and September 15th of each calendar year pay to the Railroad Commission a special fee of Twenty-five ($25.00) Dollars; except that each person, firm, or corporation who operates a truck or trucks in the wholesale or retail delivery of liquefied petroleum gas, shall at the time of issuance of such license, and annually thereafter, on or between September 1st and September 15th of each calendar year, pay to the Railroad Commission a special fee of Fifty ($50.00) Dollars, and when such fifty dollar fee is paid, said firm or corporation shall not be liable for the payment of the Twenty-five ($25.00) Dollar fee as provided herein. "

"If the license here provided for is issued after the month of September of any year, all fees shall be prorated to the remaining portion of the year to August 31st following, but in no case less than one-fourth of the total annual fee. "

The reference to "subsection 1 of this section" is a reference to Section 7.(1) of the Act which reads as follows:

"Section 7. (1) No person, firm or corporation shall engage in this state in the manufacturing, and/or assembling, and/or repairing, and/or selling, and/or installing of containers to be used with liquefied petroleum gases as a fuel, nor shall such person, firm, or corporation engage in the sale, transportation, dispensing or storage of liquefied petroleum gases within this state, except where stored by the ultimate consumer for consumption only, without having first obtained from the Railroad Commission of Texas under the provisions of this Act a license

so to do. Applications for such licenses shall be in writing and shall contain such information as the Commission shall prescribe. No such license shall be issued until a hearing is had thereon and the Commission has determined that the applicant has made good and sufficient proof that he can and will meet all safety requirements provided in this Act and by the rules and regulations of the Railroad Commission, and the Commission finds that such applicant is qualified and the evidence adduced justifies issuance of such license. The Railroad Commission shall have the authority to promulgate rules and regulations for the safety and protection of the public. _____ " .

This Section was "Section 2b (1)" of the 1939 amendment to Article 6053, and "Section 2b(2)" contained provisions similar to Section 10, above. In drafting S. B. 269, the scrivener in rewriting Section 2b(2) as Section 10 referred to "Subsection 1 of this Section" thinking that he was referring to Subsection 1 of Section 2b of the 1939 amendment. This Subsection (1) is now "Section 7 (1)" of S. B. 269. We believe that these two Sections when considered together are plain and unambiguous.

## Question No. 4

The last paragraph of Section 6 of S. B. 269 provides:

"Nothing contained in this Act shall apply to the sale in the ordinary course of business of any part of any appliance which may be employed for uses other than as an integral part of a liquefied gas system when the seller does not service, make repairs or permanent connection to any such liquefied gas system, as long as said appliance or container is approved under the standards set by the Railroad Commission of Texas. Nor shall this Act apply to containers subject to the regulation of the Interstate Commerce Commission, and containers which are owned and used by the Federal Government. _____ " (Underscoring ours)

Section 8 of S. B. 269 provides, in part:

". . . Persons, firms, corporations or associations who handle appliances exclusively for use with natural gas, and who do not offer their appliances for sale or use with liquefied petroleum gases, are exempted from the provisions of this Act."

Section 4 of S. B. 269 provides in part:

"The selling or exposing for sale. . . of
such appliances using or to use liquefied petro-
leum gas as a fuel, without same having been
designed, constructed, assembled, and equipped
as specified by the rules and regulations of the
Railroad Commission as provided for in this Act,
shall be a violation of this Act and shall be
subject to all fines, penalties and restrictions
provided in this Act and Title 102, Revised Civil
Statutes of Texas, 1925, as amended.

Section 7 of S. B. 269 provides in part:

"No person, firm or corporation shall engage
in this State in . . . . selling . . . . of con-
tainers to be used with liquefied petroleum gases
as a fuel . . . without having first obtained from
the Railroad Commission of Texas under the provi-
sions of this Act a license so to do . . . ."

The Act makes a distinction between containers and ap-
pliances and a distinction between sales of appliances which are
subject to the Act and those which are not. The sale of appli-
ances (other than containers) for use as a part of a liquefied
gas system is subject to the Act and the rules and regulations
of the Railroad Commission with reference to design and construc-
tion of such appliances and the manner of assembling and equipping
same but a license to make such sale is not necessary. We there-
fore answer your fourth question "No."

## Question No. 5

Section 11 of S. B. 269 provides, in part:

"Section 11. No license shall be issued pursuant
to this section, unless such licensee shall first file
with the Commission a surety bond in the sum of Two
Thousand ($2,000.00) Dollars with a bonding company
authorized to do business in Texas. . . .

"In addition to the bond herein required, such
licensee shall be obligated to procure from some re-
liable insurance or surety company qualified to do
business in the State of Texas, and keep same in
force so long as they shall continue in business,
a policy of insurance or surety bond which shall
guarantee the payment of all damages which proximately
result from any act of negligence, while engaging in
any of the activities as herein provided, on the part
of said licensee, their agents and employees, to both

the employees of said licensee and also to the public generally, said policy or bond to be in the sum of not less than Ten Thousand ($10,000.00) Dollars for personal injury for any one accident, and not less than Five Thousand ($5,000.00) Dollars for property damage for any one accident. Provided that this section shall not be applicable unless and until such bonds or policies of insurance are available for purchase and further provided that such bonds or policies of insurance shall be approved by the Railroad Commission of Texas._____ "

Section 12 of the Act provides:

"Section 12. The Commission shall have the power and authority, and it shall be its duty, to refuse to grant a license to any applicant, or to cancel the license of any licensee, if it shall appear to the Commission, upon hearing as herein provided, that such applicant or licensee has violated or failed to comply with any provision of the Act._____ "

Section 7 of the Act is quoted on pages 5 and 6 above. Under these several provisions, we are of the opinion that the Railroad Commission may issue a license effective immediately but conditioned that the indemnity bond, to be approved by the Commission, shall be filed within a certain specified time; otherwise the license shall be void. The $2,000.00 bond must be filed before the license is issued.

No license shall be issued unless "the Commission finds that such applicant is qualified." Section 7. This includes a finding that the applicant is able to and will comply with that part of Section 11 requiring the filing of an indemnity bond. The matter of voiding a license upon failure to file the indemnity bond within a certain number of days can be set out in a rule applicable to all cases and incorporated as a part of each order granting a license.

Trusting that the foregoing answers your inquiries, we are,

APPROVED AUG 8, 1945

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY /s/ GWB
CHAIRMAN

Yours very truly,

Attorney General of Texas

By  /s/ Fagan Dickson
        Fagan Dickson
            Assistant

FD:JCP:LM